### State of Texas v. W. A. Wharton et al.

#### Decided May 11, 1901.

**1.—Liquor Dealer's Bond—Conditions.**

Under the statute requiring saloon keepers in local option counties to give bond conditioned that they will keep an open house and not use any screen which will obstruct the view "through" the doors opening on the streets, a bond condition that no screen shall be used which will obstruct the view "to" the doors opening on the street is not invalid as imposing a condition different from or more onerous than that required by law. Sayles' Civ. Stats., art. 5060j.

**2.—Same—Verbiage Both Singular and Plural.**

Nor was such bond, where executed by a saloon keeper as a single individual, vitiated because of the fact that it followed literally, in retaining "or they," the language of the statute in such expressions as "that he or they shall not permit any games prohibited by law," etc.

**3.—Practice on Appeal—Statement of Facts Not Necessary.**

Where, on the trial of an action brought on a bond, the bond is erroneously excluded from the evidence, the absence of any statement of facts from the record on appeal will not necessitate an affirmance of the judgment.

Appeal from Wise. Tried below before Hon. J. W. Patterson.

*J. T. Buckaloo,* County Attorney, and *R. F. Spencer,* for appellant.

*Bullock & Basham,* for appellees.

STEPHENS, Associate Justice.—This suit was brought in the name of the State of Texas, for the use and benefit of Wise County, to recover upon a bond executed by W. A. Wharton, as principal, and the other appellees, as sureties, under article 5060j of Sayles' Civil Statutes, providing for the sale of liquor in local option counties, Wise County being of that class. Recovery was sought upon the ground that W. A. Wharton, on the days named in the petition, had failed to "keep an open house,"—the last clause of the bond providing "that he shall keep an open, orderly house, and shall not use any screen or other device for the purpose of or which shall obstruct the view to the door or doors opening out on the street or alley." When the bond was offered in evidence two objections were made to it, both of which were

sustained, and after it was excluded, the court instructed the jury to return a verdict for the appellees.

The first and most important of these objections was, that the use of the word "to" in the condition quoted, instead of the word "through," used in the statute, made a different condition, and one more onerous than that imposed by law. The language of the statute is, "and shall not use any screen or other device for the purpose of or which shall obstruct the view *through* [italics ours] the door or doors opening out on the street or alley." But inasmuch as both the statute and the bond required the view not to be obstructed, the one through and the other to the door, and as it would be practically impossible to keep the view from street or alley through a saloon door unobstructed without at the same time keeping the view to such door substantially unobstructed, we fail to see that the bond in question laid on Wharton a greater burden than the law. It may be that it contained a condition somewhat different from that expressed in the statute, but that alone would not invalidate it, since it would still be good as to conditions complying with the statute, as for instance the one to which the breach is assigned in this case, requiring Wharton to "keep an open house."

The other objection is of still less force, and needs only to be stated to be refuted, which is, that the bond followed the statute literally in using the words "or they" after "he," as, for instance, "that he or they shall not permit any games prohibited by the law," etc.

There is nothing in the contention that the judgment must be affirmed because there is no statement of facts in the record, that question of practice in cases like this, where the foundation of title or right is excluded from the evidence, having been settled long ago. Nor need we, for a like reason, discuss the constitutional question raised by cross-assignment.

Because the court errer in excluding the bond declared on, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*